IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ERIC MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-CV-5 (MTT) |
| | ) |
| PHILIP WILLIAMSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER

United States Magistrate Judge Stephen Hyles recommends denying the defendants' motion to dismiss.  Doc. 42.  The defendants have objected.  Doc. 45.  First, the defendants object to the Magistrate Judge's recommendation that the Court reject the defendants' argument that the plaintiff's complaint should be dismissed under Federal Rule of Civil Procedure 11 for failure to disclose his litigation history.[1]  Second, the defendants object to the portion of the Recommendation finding that they have not carried their burden in showing that the plaintiff failed to exhaust administrative remedies before filing suit relating to a May 7, 2018 attack on him.[2]  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which the defendants object.

---

[1] For this objection, the defendants "do not offer any additional arguments beyond those in their previous briefs."  Doc. 45 at 1.

[2] The plaintiff has two claims, both of which are deliberate indifference to safety claims.  The first arises from a February 23, 2018 attack on him by other prisoners.  Doc. 1 at 5.  The defendants do not object to the Magistrate Judge's recommendation that this claim go forward.  The plaintiff's second claim arises from a different attack by a prisoner that took place May 7, 2018.  *Id.* at 8.

As to the defendants' objection regarding the plaintiff's disclosure of his litigation history, the Court will not dismiss the plaintiff's complaint because, according to the plaintiff's briefing, he had not received any information about his case in the Southern District of Georgia when he filed this case.  Doc. 21-1 at 5.  Accordingly, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The portion of the Recommendation concerning the plaintiff's litigation history (Doc. 42 at 19-22) is **ADOPTED**.

As to the defendants' objection that the plaintiff did not exhaust administrative remedies for his claim arising from the May 7 attack, the Court agrees and finds that the defendants have established that the plaintiff failed to exhaust available administrative remedies.

In their motion to dismiss, the defendants argued the plaintiff failed to exhaust two claims: (1) deliberate indifference to safety based on a February 23, 2018 attack on him by other inmates, and (2) deliberate indifference to safety based on a May 7, 2018 attack on him from a fellow inmate.  Docs. 19-1 at 1, 5; 27 at 3-5; 41 at 3.  The Magistrate Judge considered only the first claim.  The Court now considers whether the plaintiff failed to exhaust administrative remedies regarding the second claim.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires a prisoner, as a "precondition to an adjudication on the merits," *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008), "to exhaust all administrative remedies before filing his § 1983 suit." *Whatley v. Smith*, 898 F.3d 1072, 1074 (11th Cir. 2018); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000).  "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance

with the applicable procedural rules,'—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S.199, 218 (2007) (citation omitted) (*quoting Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).  In considering exhaustion, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryant*, 530 F.3d at 1376.  To determine whether the plaintiff properly exhausted his claims, courts in the Eleventh Circuit follow the two-step process mandated by *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008). Under *Turner*'s first step, the court must look to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, the court takes the plaintiff's version of the facts as true.  *Id.* at 1082.  "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed."  *Id*.  If the complaint is not subject to dismissal based on the plaintiff's version of the facts, the court must proceed to the second step, where it makes specific findings of fact in order to resolve the disputed factual issues related to exhaustion.  *Id.*  At the second step, it is the defendant's burden to prove that the plaintiff failed to exhaust the available administrative remedies.  *Id.*

     Here, the Court has looked to the plaintiff's and the defendants' factual allegations in their briefings and the plaintiff's complaint.  See *Turner*, 541 F.3d at 1082. Although quite bare, the plaintiff does assert in his surreply brief that he exhausted his administrative remedies as to his claim arising from the May 7 attack.  Doc. 29 at 3. The plaintiff states that he "exhausted May 7, 2018 attack in Exhibit B-3."  *Id.*  Under *Turner's* first step, the Court must accept this assertion as true.

Under *Turner's* second step, however, the Court may make specific findings of fact to resolve the factual issue of whether the plaintiff exhausted his administrative remedies. According to the plaintiff, the second attack on him took place while he was being transported from Macon State Prison to another prison. Doc. 1 at 8. Based on the plaintiff's grievance history records, the facility to which the plaintiff was taken was Hancock State Prison. Doc. 19-2 at 55-56. In his first month of confinement at Hancock State Prison, the plaintiff filed three grievances.[3] None of these grievances concerned the plaintiff being attacked on May 7. *Id*. Further, the exhibit that the plaintiff cites in his surreply brief as satisfying his exhaustion requirement is simply a piece of paper with a handwritten message stating "Grievance # 110719. Please indicate grievance number that you wish to appeal." Doc. 21-5. The plaintiff's grievance history does not show a grievance with that number, and the plaintiff has not explained how this evidence is relevant. Doc. 19-2 at 55-56.

Further, according to Lewana Streeter, the grievance coordinator at Macon State Prison, "[t]here are no records of [the plaintiff] having filed a grievance regarding prison employees in relation to attacks on [him] by other inmates on … May 7, 2018." Doc. 19-2 at 4. In fact, the only evidence in the record that could arguably show the plaintiff attempted to exhaust his administrative remedies as to the May 7 claim is a statement from him dated January 25, 2020. Doc. 21-7. This statement, however, cannot satisfy plaintiff's exhaustion requirement because it was made after he already filed this

---

[3] According to the Standard Operating Procedures within the Georgia Department of Corrections, exhausting administrative remedies has two parts. First, the complaining inmate must file a grievance with a counselor within ten days of the event giving rise to the claim. Next, after the warden responds to the grievance or forty days pass without a response, the inmate must file a central office appeal. Doc. 19-2 at 31-39.

lawsuit.[4]  Moreover, even assuming this statement was associated with a grievance related to the May 7 attack, it was submitted well past the ten-day deadline.

The defendants have established that the plaintiff had access to the administrative remedies available at Hancock State Prison in the days following May 7, 2018.  Doc. 19-2 at 56.  The defendants have further established that the plaintiff failed to exhaust those remedies, and, other than a conclusory statement that he did exhaust, the plaintiff has not argued that he even attempted to exhaust administrative remedies regarding the May 7 claim.  *Id.* at 4, 56.  Accordingly, the Court finds that the defendants have established that the plaintiff failed to exhaust available administrative remedies before filing his claim arising from the May 7 attack.  Therefore, any portion of the Recommendation concerning the plaintiff exhausting administrative remedies as to the May 7 claim is **REJECTED**, and the Defendants' motion to dismiss (Doc. 19) is **GRANTED** as to the claim based on the May 7 attack.  That claim is **DISMISSED without prejudice**.  The only remaining claim is the plaintiff's deliberate indifference to safety claim arising from the attack on February 23, 2018.

**SO ORDERED**, this 19th day of February, 2021.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT

---

[4] The plaintiff even cites this lawsuit in his statement.  Doc. 21-7 at 1.